---

(No. 11916.—Judgment affirmed.)
The People *ex rel.* Henry Larson *et al.* Appellants, *vs.*
John Gordon *et al.* Appellees.

*Opinion filed April 17, 1918.*

1. Elections—*when persons are and are not legal voters in the township.* Registered voters in a township where they own their home, who move out of the township for one year with the intention of returning, and who do return, at the end of the year are legal voters in the township during such year, but residents of a township who marry and go to another State with the intention of making their home there, lose their residence in the township and do not become legal voters therein by the mere fact that they subsequently change their minds and return to the township.

2. Same—*when parties boarding in school district are not legal voters therein.* One who works for and boards with his employer within the boundaries of a school district but who claims as his home his aunt's residence outside the district is not a legal voter in the district; and the same is true of one who boards with a relative in the district while being attended by a physician but who claims his residence is with his nephew outside of the district, to which place he intends to return as soon as he is able.

APPEAL from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

A. J. BOUTELLE, State's Attorney, (WILLIAMS, LAWRENCE, WELSH & GREEN, of counsel,) for appellants.

FLETCHER CARNEY, JAMES W. CARNEY, and SIG. B. NELSON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was an information in the nature of *quo warranto* calling upon the appellees to show by what authority they were exercising the offices of school directors of an alleged school district in the county of Knox. The appellees filed pleas setting forth the proceedings for the organization of the district, resulting in an order of the county superintendent of schools creating the district. The pleas were replied to, a trial was had by the court without a jury and a judgment was rendered for the respondents, from which the relators appealed to the Appellate Court for the Second District. Since a franchise was involved,—that is, the right of the district to be a corporation,—the Appellate Court transferred the cause to this court.

It will be necessary to consider only the question whether the petition for the creation of the district was signed by two-thirds of the legal voters residing within the territory of the district, as required by paragraph 4 of section 46 of the School law. It was stipulated that the petition was signed by 206 legal voters exclusive of the names of three persons who signed the petition, and that there were 100 legal voters who did not sign the petition exclusive of 10 persons who were named. The only controversy is in regard to these 13 persons.

The territory of the district was in the townships of Victoria and Copley. The village of Victoria was wholly within the district, and was divided by the town line be-

tween the townships of Victoria and Copley. The three signers of the petition whose names are in controversy are Mr. and Mrs. Vernon C. Moak and Theodore Johnson. Johnson resided in the district in Victoria township on March 14, 1916, when the petition was presented. He was a registered voter in Victoria township in October, 1914, and there is no evidence in the record that he did not continue to be such voter when the petition was presented. Mr. and Mrs. Moak resided in the district in Copley township and were registered voters in that township in October, 1914. Moak owned the house in which they had lived since 1907. About March 1, 1916, pursuant to an arrangement with his father-in-law, he moved into a house of the latter in Victoria township for one year with the intention of returning at the end of the year. During the year he voted in Copley township and at the end of the year moved back into his home in that township. He and his wife were legal voters in that township.

There were 209 legal voters signers of the petition. Of the 10 persons in controversy who did not sign the petition only William Patton was registered as a voter in either township. The names of Lionel Cox and Andrew Newstrom, two of the ten, are not mentioned in the evidence. The only evidence in regard to George Kennedy is that of his sister-in-law, who said that his residence was in Lafayette, outside of Knox county, though he worked in the summer time in Victoria and then boarded with his brother and sister-in-law. Enos Mitchell testified that he had made his home in Victoria, Lynn and Copley townships for nine years; that he worked in the village of Victoria for Bert Thomas, in the livery business, beginning the latter part of February or first of March, 1916, boarding at Thomas' place, and that he stayed there until April 6, 1916; that he kept his clothes and stuff at his aunt's, in Victoria township, outside the school district, and that when he went to work at a place he called that his home. He voted in

1915 in the village of Victoria, but this was at a township election and his aunt's residence was then in the township of Victoria, of which the polling place was in the village. He had no legal residence in the district. William Patton was a registered voter of Victoria township. He had been boarding with his sister in the village of Victoria in 1915 and 1916. He was a retired farmer who had sold his farm and claimed that his residence was with his nephew in the town of Victoria, six miles east of the village and not within the school district. He was a bachelor, and in the fall of 1914 was taken sick and went to the village of Victoria to be near the doctor and has stayed with his sister ever since. He did not go with the intention of making the village his home but expected to go back to his nephew's if he was able. He owned no property in Victoria, did not vote at the village elections, and according to the evidence was not a legal voter in the district. Mr. and Mrs. John Nelson were residents of the village of Victoria. They were married on February 22, 1916, and soon afterward went to Michigan. They packed their goods intending to have them sent to them in Michigan after they got settled. The purpose of Nelson was to work at his trade, and they went to Michigan with the intention of staying there and making it their home. Mrs. Nelson testified that she would not stay there; that they got homesick after they were up there awhile and wanted to come back, and her husband said all right. When they left Victoria with the intention of making their home in Michigan they ceased to be residents of the village. A subsequent change of intention would not restore them to that relation. If the other three contested persons were legal voters there would still be only 103 legal voters who did not sign the petition, and as there were 209 legal voters who did, the petition was signed by the necessary two-thirds.

The judgment of the circuit court was right, and it will be affirmed.

*Judgment affirmed.*